IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Destiny P. Astorga, as Temporary Administrator of the Estate of Floyd L. Crespo,<br><br>            Plaintiff,<br><br>v.<br><br>Quirch Foods, LLC, CBBC Holdings, Inc. d/b/a Colorado Boxed Beef Co., Colorado Boxed Beef Co. and Carlos C. Gilmore,<br><br>            Defendants. | Case No.:    9:26-cv-00605-RMG<br><br>**COMPLAINT**<br>*(Jury Trial Demanded)* |

COMES NOW PLAINTIFF, Destiny P. Astorga, as Temporary Administrator of the Estate of Floyd L. Crespo, demanding a jury trial and complaining of Defendants as follows:

**PARTIES**

1.    Plaintiff, Destiny P. Astorga, is the duly appointed Temporary Administrator of the Estate of Floyd L. Crespo and is bringing this action on behalf of the Estate of Floyd L. Crespo.  Floyd L. Crespo ("Decedent") was at all times mentioned herein a resident of the State of Georgia.

2.    Plaintiff brings this action pursuant to S.C. Code Ann. 15-5-90, the Survival Action Act, on behalf of the statutory beneficiaries of the deceased for all damages authorized by said statute and pursuant to the S.C. Code Ann. 15-51-10, the Wrongful Death Act, and other applicable statutory and/or common law.

3.    Defendant Quirch Foods, LLC is a Florida corporation and is authorized to transact business in South Carolina.  Quirch Foods, LLC is engaged in the business of food product distribution throughout the United States, including in South Carolina.

4. Defendant CBBC Holdings, Inc. d/b/a Colorado Boxed Beef Co. is a Florida corporation engaged in the business of food product distribution throughout the United States, including in South Carolina.

5. Defendant Colorado Boxed Beef Co. is a Florida corporation and is authorized to transact business in South Carolina. Colorado Boxed Beef Co. is engaged in the business of food product distribution across the United States, including in South Carolina.

6. Defendants Quirch Foods, LLC, CBBC Holdings, Inc. d/b/a Colorado Boxed Beef Co. and Colorado Boxed Beef Co. will hereinafter collectively be referred to as "Employers."

7. Upon information and belief, Defendant Carlos Chauncey Gilmore ("Gilmore") is a resident of Florida.

8. At all times mentioned herein, Defendant Gilmore was an employee, servant and/or agent of Defendant Employers, and all acts or omissions of Defendant Gilmore are imputed to Defendant Employers.

## JURISDICTION

9. This action arises out of a motor vehicle versus pedestrian collision that took place in Beaufort County, South Carolina.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 due to complete diversity between the parties and the amount in controversy exceeding Seventy-Five Thousand Dollars ($75,000.00).

## FACTS

11. On or about September 25, 2025, Decedent, who was a professional wrecker driver/operator, responded to a call for service from Defendants at the Harris Teeter located at 1411 Main Street, Hilton Head, South Carolina 29926.

12. Defendant Gilmore, driving a 2023 Navistar International LT625 (VIN: 3HSDZAPR9PN107249) ("Tractor Trailer"), required assistance to free the Tractor Trailer which had become stuck on a curb in the driveway adjacent to Harris Teeter.

13. Decedent responded to the scene, freed the tractor-trailer, and, upon completion of the service, began securing his recovery equipment onto and/or into the wrecker in preparation for departure.

14. At all relevant times, Decedent's wrecker was legally parked with emergency lights fully activated and visible; Decedent was properly clothed in personal protective equipment, including high-visibility reflective clothing as required by industry standards and South Carolina law; Decedent was engaged in the ordinary and necessary tasks in accordance with his professional duties; and Decedent had every reasonable expectation of safety while working in what should have been a controlled and safe environment.

15. After being freed from the curb, Defendant Gilmore turned the tractor-trailer around and attempted to execute a northbound turn into the Harris Teeter driveway. In doing so, Defendant Gilmore drove the tractor-trailer left of center to make a wide turn and, during that maneuver, drove the commercial vehicle into the area where Decedent was working, crushing Decedent between the tractor-trailer and his own wrecker. Decedent suffered fatal injuries as a result of the collision.

**FIRST CAUSE OF ACTION**
**(Negligence/Gross Negligence – as to Defendants Gilmore and Employers)**

16. Plaintiff realleges all preceding paragraphs as if repeated verbatim.

17. This collision and Decedent's fatal injuries are the direct and proximate result of Defendants' negligent, negligent per se, willful, wanton, reckless and grossly negligent conduct as detailed in the following particulars:

### As to Defendant Gilmore

a. In failing to maintain a proper lookout;

b. In failing to keep the Tractor Trailer under proper control;

c. In failing to properly and lawfully operate the Tractor Trailer on the roadways of the State of South Carolina in accordance with the common and statutory laws of the same;

d. In operating the Tractor Trailer with a reckless disregard for the rights and safety of the motoring public, especially Decedent;

e. In failing to exercise that degree of care and caution which a reasonable and prudent person would have exercised under the same or similar conditions;

f. In striking Decedent;

g. In violating S.C. Code Ann. § 56-5-3230;

h. In violating state and/or federal regulations requiring actions to protect the safety and health of the Decedent, so as to constitute negligence *per se*; and

i. In any other particulars as the evidence may show.

### As to Defendant Employers

a. In failing to supervise, train or otherwise instruct its agent and/or employee in the proper manner required to operate the Tractor Trailer;

b. In failing to supervise, train or otherwise instruct its agent and/or employee to avoid collisions and/or conditions ripe for collisions;

c. In negligently hiring, training, supervising and retaining Defendant Gilmore;

d. In failing to act as a reasonable and prudent employer would act under the same or similar circumstances;

e. In failing to have in place proper and adequate policies, procedures, protocols, rules and regulations for the operation of delivery vehicles; and

f. In any other particulars as the evidence may show.

18. As a direct and proximate result of Defendants' negligent, willful, wanton, reckless and grossly negligent conduct, as described above, Decedent suffered fatal injuries and/or Plaintiff has suffered damages for which Defendants are liable.

## SECOND CAUSE OF ACTION
**(Vicarious Liability/Respondeat Superior – as to Defendant Employers)**

19. Plaintiff realleges all preceding paragraphs as if repeated verbatim.

20. Defendant Employers controlled and supervised Defendant Gilmore's conduct.

21. Defendant Employers is vicariously and jointly and severally liable for the actions of Defendant Gilmore under the legal doctrine of *respondeat superior*.

## DAMAGES

22. Plaintiff realleges all preceding paragraphs as if repeated verbatim.

23. As a direct and proximate result of Defendants' negligence, Decedent suffered a painful and untimely death.

24. Decedent's beneficiaries have endured and will continue to endure severe grief, sorrow, shock, wounded feelings and mental anguish.

25. Plaintiff is informed and believes that she is entitled to judgment against Defendants, for both actual and punitive damages, all of which were directly and proximately caused by Defendants' acts and/or omissions as set forth above, in an amount to be determined by the trier of fact in this action.

WHEREFORE, Plaintiff prays for judgment for actual and punitive damages against Defendants and for whatever additional relief this Court deems just and proper, all in an amount determined fair and reasonable by a jury.

[SIGNATURE PAGE TO FOLLOW]

BAUER & METRO, P.C.

Samuel C. Bauer, S.C. Bar No.: 65678

sam@BauerMetro.com
Robert S. Bauer, S.C. Bar No.: 69494
rob@BauerMetro.com
5728 Guilford Place, Suite 200
Bluffton, South Carolina 29910
Phone: 843-842-5297

-and-

PARKER LAW GROUP, LLP

*s/Chelci S. Avant*
Ronnie L. Crosby, S.C. Bar No.: 66481
rcrosby@parkerlawgroupsc.com
Chelci S. Avant, S.C. Bar No.: 104067
cavant@parkerlawgroupsc.com
101 Mulberry Street East
Post Office Box 487
Hampton, South Carolina 29924
Phone: 803-903-1781

February 11, 2026
Hampton, South Carolina